IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02363-GPG

NICHOLAS J. TRUJILLO,

    Plaintiff,

v.

PUEBLO COUNTY JAIL SHERIFF'S OFFICE, and
TRINITY FOOD SERVICES,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Nicholas J. Trujillo, is a prisoner in the custody of the Colorado Department of Corrections ("DOC"). Mr. Trujillo has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his constitutional rights were violated while he was housed at the Pueblo County Jail in Pueblo, Colorado. He seeks damages and injunctive relief. Because Mr. Trujillo has been transferred to the custody of the DOC and no longer is confined at the Pueblo County Jail, his claims for injunctive relief regarding conditions at the Pueblo County Jail are moot. *See Jordan v. Sosa*, 654 F.3d 1012, 1027-28 (10th Cir. 2011).

The court must construe the Prisoner Complaint liberally because Mr. Trujillo is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Trujillo will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

Mr. Trujillo specifically claims his constitutional right to freedom of religion was violated at the Pueblo County Jail because he was denied a kosher diet for an unspecified period of time.   Construing the Prisoner Complaint liberally, Mr. Trujillo's allegations regarding religious freedom also may implicate his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc-5.  However, Mr. Trujillo fails to allege specific facts that demonstrate the named Defendants violated his rights under either the Constitution or RLUIPA.   Mr. Trujillo also makes vague allegations regarding excessive force but he does not assert any excessive force claims in the Prisoner Complaint.

Mr. Trujillo may not name as a Defendant the Pueblo County Jail Sheriff's Office because the sheriff's office is not a separate entity from Pueblo County, and, therefore, is not a person subject to suit under § 1983.   See *Stump v. Gates*, 777 F. Supp. 808, 814-16 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir. 1993).   To the extent Mr. Trujillo intends to assert a claim against Pueblo County, he is not entitled to relief unless he alleges facts that demonstrate he suffered an injury caused by a municipal policy or custom.   See *Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 769-71 (10th Cir. 2013) (discussing Supreme Court standards for municipal liability); *Dodds v. Richardson*, 614 F.3d 1185, 1202 (10th Cir. 2010).   Similarly, to the extent Mr. Trujillo is asserting his claim against Trinity Food Services, he also must allege specific facts that demonstrate he suffered an injury caused by an official policy or custom.   See *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private

corporations); *Smedley v. Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. 2005) ("in order to hold CCA liable for the alleged tortious acts of its agents, [Plaintiff] must show that CCA directly caused the constitutional violation by instituting an official policy of some nature that was the direct cause or moving force behind the constitutional violations") (internal citation and quotation marks omitted). Mr. Trujillo does not allege specific facts with respect to either Defendant that demonstrate his rights were violated because of any official policy or custom.

Mr. Trujillo will be ordered to file an amended complaint that clarifies the claims he is asserting and what each Defendant did that allegedly violated his rights. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Finally, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Accordingly, it is

ORDERED that Mr. Trujillo file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order. It is

FURTHER ORDERED that Mr. Trujillo shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Trujillo fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED October 27, 2015, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge